UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL J. JAIMET,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil No. 15-cv-972-JPG
Criminal No. 12-cr-40103-JPG-02

# MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Michael J. Jaimet's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Pursuant to Administrative Order 176, counsel was appointed to represent the petitioner because his motion was based on the theory that *Johnson v. United States*, 135 S. Ct. 2551 (2015), applied to the career offender ("CO") sentencing guideline (Doc. 2). Counsel has moved to withdraw on the basis that, in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), she can make no non-frivolous argument in support of § 2255 relief for Jaimet (Doc. 4). The Government has responded to counsel's motion to withdraw expressing no objection (Doc. 6). Jaimet has not responded to counsel's motion, although he was given an opportunity to do so.

**I.    Background**

On April 5, 2013, Jaimet pled guilty to one count of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). At sentencing on August 8, 2013, the Court found that Jaimet was a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 based on two prior felony convictions for a crime of violence. Jaimet's career offender status established a base offense level of 32. His offense level

was reduced by three points under U.S.S.G. § 3E1.1(a) to 29 because Jaimet timely demonstrated acceptance of responsibility for his offense. Considering Jaimet's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1, this yielded a sentencing range of 151 to 188 months in prison. The Court imposed a sentence of 151 months. Jaimet did not appeal his sentence.

Jaimet filed the pending § 2255 motion on September 1, 2015. The Court conducts its preliminary review of Jaimet's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and its evaluation of counsel's motion to withdraw at the same time. Because it is plain from the motion and the record of the prior proceedings that Jaimet is not entitled to relief, the Court will deny his § 2255 motion and will grant counsel's motion to withdraw.

**II.     § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

**III.    Analysis**

Jaimet filed this § 2255 motion arguing that his due process rights were violated when the Court applied the residual clause of the CO guideline to find his prior convictions were "crimes of violence" supporting CO status, increasing his guidelines sentencing range.[1] The CO guideline states, in pertinent part, that a prior offense is a crime of violence if it "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*"  U.S.S.G. § 4B1.2(a)(2) (emphasis added to residual clause).

The petitioner's argument relies on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the use of the identical residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e), to increase the statutory sentencing range is unconstitutional. *Id.* at 2563. This is because the vagueness of the clause denies fair notice to a defendant of his potential punishment and invites arbitrary enforcement by judges. *Id.* at 2557. In *United States v. Hurlburt*, 835 F.3d 715 (7th Cir. 2016) (*en banc*), the Seventh Circuit Court of Appeals applied the same rationale to hold that use of the CO residual clause to support CO status, thereby increasing the guideline sentencing range, is also unconstitutional. *Id.* at 725.

*Hurlburt*, however, was overruled by *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), which held that sentencing guidelines are not amendable to vagueness challenges. This is because, unlike the statute at issue in *Johnson*, advisory guidelines "do not fix the permissible

---

[1] Jaimet also argues that the Court made a mistake in finding his prior convictions qualified as crimes of violence. However, unlike the due process argument considered in *Johnson*, an advisory sentencing guideline calculation error is a nonconstitutional issue and is not reviewable in a § 2255 proceeding as long as the defendant's sentence is within the sentencing range provided by the statute of the offense. *Hawkins v. United States*, 706 F.3d 820, 823-24 (7th Cir. 2013).

range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.*

*Beckles* forecloses the petitioner's argument that he is entitled to § 2255 relief. There was nothing unconstitutional about the Court's using the CO residual clause to find Jaimet's prior convictions were crimes of violence supporting CO status. This is because the Court's guideline range findings did not fix the sentencing range but merely guided the Court's discretion within the fixed statutory sentencing range. For this reason, Jaimet is not entitled to § 2255 relief.

## IV. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that the petitioner has not made such a showing and, accordingly, declines to issue a certificate of appealability.

## V. Conclusion

For this reason, the Court

- **DENIES** Jaimet's § 2255 motion (Doc. 1);

- **GRANTS** counsel's motion to withdraw (Doc. 4);

- **ORDERS** that counsel Judith A. Kuenneke is **WITHDRAWN** as counsel in this case;

- **DECLINES** to issue a certificate of appealability; and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: June 6, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**